# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS,** | CIVIL ACTION NO. 1:21-CV-734 |
| Petitioner | (Judge Conner) |
| v. | |
| **ALLENWOOD TRUST FUND DEPARTMENT,** *et al.*, | |
| Respondents | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Frederick Banks ("Banks"), an inmate confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania. Named as respondents are the Allenwood Trust Fund Department, FNU Swowicki, L. Haas, Warden Thompson, Lieutenant Clouser, and the Federal Bureau of Prisons. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition.

## I.   Background

In the habeas petition, Banks sets forth three grounds for relief. First, Banks asserts that respondents removed his thumbprint from the Trulincs computer

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. GOVERNING § 2254 CASES R.4. See also R. GOVERNING § 2254 CASES R. 1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court).

system, thereby interfering with his ability to access emails, conduct legal research, and print mailing labels. (Doc. 1 at 6-7). Next, Banks contends that respondents failed to deposit his $1,400.00 stimulus check into his prison account, in violation of his constitutional rights. (Id. at 7). In his final claim for relief, Banks asserts that respondent Clouser "unlawfully seized" his incoming and outgoing emails. (Id.)

For relief, Banks seeks release from custody and an order directing respondents "to cure the violations." (Id. at 8). In addition, Banks moves for class certification and appointment of class counsel. (Id.)

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Additionally, when an inmate's challenge is to "a

2

condition of confinement such that a finding in [the inmate's] favor would not alter his sentence or undo his conviction," a petition for writ of habeas corpus is inappropriate. Leamer, 288 F.3d at 542.

In the instant habeas petition, Banks is not challenging the duration or propriety of his sentence. Instead, he asserts that respondents hindered his ability to access the Trulincs computer system, unlawfully seized his emails, and failed to deposit a check in his prison account. The proper means of seeking redress for these actions is to file a civil suit for violation of constitutional rights, following exhaustion of administrative appeals. Moreover, Banks' requested relief for a court order directing the respondents to remedy the alleged violations would neither alter his sentence nor undo his conviction. Banks' claims do not appropriately lie in habeas and the instant habeas petition will be dismissed. Because the court is dismissing the habeas petition, the court declines to consider Banks' request for class certification and appointment of class counsel.

### III. **Conclusion**

The court will dismiss the habeas petition without prejudice to any right Banks may have to reassert his present claims in an appropriate civil rights action.[2]

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: May 11, 2021

---

[2] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claims Banks may file based upon the facts asserted herein.